IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J. DANIEL LINDLEY,      )
   Petitioner,       )  Civil Action No. 14-153
             )
   v.           )
             )  Magistrate Judge Susan Paradise Baxter
BOBBY L. MEEKS,      )
   Respondent.      )

## **MEMORANDUM OPINION AND ORDER**[1]

Petitioner, J. Daniel Lindley, is a federal prisoner confined in the Federal Correctional Institution McKean ("FCI McKean"), located in Bradford, Pennsylvania. Pending before the Court is his petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2241. Because the Court lacks subject matter jurisdiction, the petition will be summarily dismissed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts, applicable to § 2241 petitions through Rule 1(b).

### I.

Petitioner is serving a judgment of sentence of 72 months' imprisonment, which was imposed by the U.S. District Court for the District of Massachusetts on November 10, 2010. In the petition, he contends that he needs cataract surgery. He seeks an order from this Court directing the Bureau of Prisons (the "BOP") to provide him with that surgery.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v.

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), Petitioner voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255.[2] In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but *the execution of his sentence*," McGee, 627 F.3d at 935 (emphasis added), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

In Cardona, the Third Circuit Court of Appeals acknowledged that "[a]dmittedly, the precise meaning of 'execution of the sentence' is hazy." 681 F.3d at 536 (quoting Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005)). In that case, the petitioner was a federal inmate who had filed a habeas petition under § 2241 in which he argued that the BOP had illegally referred him to the Special Management Unit ("SMU") as punishment for filing numerous lawsuits against the BOP. The issue before the court was whether the petitioner could maintain his suit in habeas or whether he had to re-file it as a civil rights action under Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Id. at 934. The Third Circuit Court of Appeals held that the petitioner had to pursue his claim under Bivens and that the district court had properly concluded that it did not have jurisdiction under § 2241:

> We considered [the meaning of "execution of the sentence"] in detail in Woodall. There, the sentencing court specifically included in its sentencing judgment a recommendation that the petitioner "spend the last six months of his sentence in a halfway house[,]" in

---

[2] Section 2255 permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255.

2

accordance with 18 U.S.C. § 3624(c). Woodall, 432 F.3d at 238. Despite this recommendation, BOP refused to place Woodall in a Community Corrections Center ("CCC") for more than ten weeks, citing its own internal regulations. Woodall filed a habeas petition under § 2241, challenging BOP's decision to limit his placement in a CCC to ten weeks.

We held that Woodall's claim concerned the execution of his sentence, and was properly brought under § 2241. We defined execution as meaning "to 'put into effect' or 'carry out.'" Woodall, 432 F.3d at 243 (quoting Webster's Third New Int'l Dictionary 794 (1993)). Woodall was challenging the inconsistency between the sentencing court's recommendation and BOP's refusal to abide by that recommendation. As we noted, "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution." Id. Because Woodall's habeas petition claimed that BOP was not "carrying out" his sentence as directed, we held that his petition was reviewable under § 2241.

Similarly, in McGee v. Martinez, 627 F.3d 933, 936-37 (3d Cir. 2010), the petitioner was sentenced to 120-months imprisonment and assessed a $10,000 fine. The sentencing judgment provided that while the petitioner was in prison, "[p]ayment [of the fine] is to be made from prison earnings at a rate of $20.00 per month[.]" Id. at 934. Despite this specified rate of repayment in McGee's sentencing judgment, BOP placed McGee on an Inmate Financial Responsibility Plan ("IFRP") that required McGee to make payments at a rate of $25 per month. McGee filed a habeas petition under § 2241, challenging BOP's decision to increase the rate of repayment in his IFRP beyond the rate provided for by the sentencing court.

Again, we held that McGee's claim concerned the execution of his sentence, and was properly brought under § 2241. In so holding, we emphasized the fact that McGee's petition was "at bottom, a challenge to the IFRP and its requirement that McGee pay [$25 per month] when his sentence ... requires only $20 per month[.]" Id. at 937. Indeed, we characterized McGee's petition as "argu[ing] that the payment terms imposed by [BOP] (in the IFRP) are illegal in that they conflict with the terms imposed by the sentencing court (in the judgment)." Id.

The petitions in Woodall and McGee both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment. That is, both petitions claimed that the BOP was not properly "'put[ting] into effect' or 'carry[ing] out'" the directives of the sentencing judgment. Woodall, 432 F.3d at 243; see also Muhammad v. Close, 540 U.S. 749, 754-55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (holding that an inmate's civil rights claim could not "be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence[,]" and thus "raised no claim on which habeas relief could have been granted on any recognized theory"). For that reason, we held that Woodall and McGee's petitions concerned the execution of their sentences, and that § 2241 authorized a federal district court to exercise jurisdiction over both petitions.

> In order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment. Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the SMU. Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241.

Id. at 536-37 (footnotes omitted, bracketed text in original).

Petitioner's claim, similar to the petitioner's claims in Cardona, does not concern the execution of his sentence because the granting of his habeas petition *would not* "necessarily imply" a change to the fact, duration, or execution of his sentence. Thus, although a federal prisoner may challenge "the execution of his sentence" under § 2241, Petitioner is not doing so in the instant petition. His claim that he should receive cataract surgery is a challenge the conditions of his confinement, which cannot be litigated in habeas. Cardona, 681 F.3d at 536-37. See generally Brian R. Means, FEDERAL HABEAS MANUAL § 1:29 (June 2014). See also Murray v. Federal Bureau of Prisons, No. 2490, 2012 WL 3011736, *1 (3d Cir. July 24, 2012) ("While habeas corpus petitions under 28 U.S.C. § 2241 can be used to challenge the 'execution' of a federal sentence, they cannot be used to attack confinement conditions. Rather, such claims should be raised in a civil-rights suit."); Williams, et al. v. Sec'y Pennsylvania Dep't of Corr., No. 10-2103, 2012 WL 208042 (3d Cir. Jan. 25, 2012) (rejecting death row inmates' contention that they could challenge the conditions of their confinement in prison's capital case unit in a habeas petition), *cert. denied sub nom.* 132 S.Ct. 2745 (2012).

4

**II.**

Because Petitioner's claim that he should receive cataract surgery is not properly brought in a habeas petition under § 2241, the Court lacks jurisdiction over this petition. Therefore, the petition is summarily dismissed.[3] An appropriate Order follows.

Dated: August 21, 2014
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J. DANIEL LINDLEY,<br>    Petitioner, | Civil Action No. 14-153 |
| v. | |
| BOBBY L. MEEKS,<br>    Respondent. | Magistrate Judge Susan Paradise Baxter |

# **ORDER**

AND NOW, this 21st day of August, 2014, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction for the reasons set forth in the memorandum opinion filed contemporaneously herewith. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge